IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOSE DURAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:19CV930–HEH |
| | ) |
| MS. HOOVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
**(Denying Motion for Summary Judgment)**

Jose Duran, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] Proceeding on his Particularized Complaint ("Complaint," ECF No. 14), the only claim remaining alleges that Officer Hoover violated Duran's Eighth Amendment[2] rights by allowing her canine to bite him after he complied with her orders.[3] (*Id.* at 9.)[4]

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] By Memorandum Order entered on February 26, 2021, the Court dismissed Duran's claims against Defendants Cabell, Carpenter, Critton, and Clark. (ECF No. 26.)

[4] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions, unless otherwise noted.

The matter is now before the Court on the Motion for Summary Judgment filed by Officer Hoover. (ECF No. 35.) Officer Hoover argues that Duran did not properly exhaust his administrative remedies before filing suit. (ECF No. 36, at 1–9.) Duran filed a Response, in which he argues that he complied with the Virginia Department of Corrections ("VDOC") grievance procedures.[5] (ECF No. 48.) Officer Hoover did not file a reply. For the reasons stated below, Officer Hoover's Motion for Summary Judgment (ECF No. 35) will be denied without prejudice.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to

---

[5] Along with his Response to the Motion for Summary Judgment, Duran also filed a Motion to Withdraw (ECF No. 47) and a Motion for Extension of Time (ECF No. 48). Both of these motions will be denied. By Memorandum Order entered on October 7, 2021 (ECF No. 45), the Court denied the Motion to Compel that Duran currently seeks to withdraw. Thus, his Motion to Withdraw is moot. In the October 7, 2021 Memorandum Order, the Court also granted Duran an extension of time to respond to the Motion for Summary Judgment. Duran's Response was received within the time period previously authorized by the Court. Thus, his current Motion for an Extension of Time is unnecessary. Finally, to the extent that Duran's Response could be construed as a Motion for Summary Judgment in Duran's favor, that motion will be denied without prejudice. As discussed herein, the issue of whether Duran properly exhausted administrative remedies remains an open question.

2

interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere "*scintilla* of evidence" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

In support of her Motion for Summary Judgment, Officer Hoover submits: (1) an affidavit from R. Langford, the Grievance Coordinator at Sussex II State Prison ("SIISP") ("Langford Affidavit," ECF No. 36-1, at 1–5); (2) a copy of Operating Procedure 866.1, Offender Grievance Procedure (*id.* at 6–19); as well as, (3) a Regular Grievance and multiple Informal Complaints filed by Duran (*id.* at 20–26).

3

In Opposition to the Motion for Summary Judgment, Duran has submitted: (1) his own sworn statement ("Duran Affidavit," ECF No. 48-4); as well as, (2) numerous correspondence between himself and VDOC officials, including, *inter alia*, letters, Informal Complaints, an undated Regular Grievance, and, Grievance Receipt Reports, which the Court will refer to by their respective CM/ECF designations.

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Duran.

## II. RELEVANT FACTS

### A. The Incident on September 4, 2019

On September 4, 2019, Duran was involved in an altercation at SIISP. (Duran Aff. ¶ 1.) Including Duran, eleven inmates were involved in the fight. (*Id.* ¶ 2.) Duran was able to get away from the altercation and made his way down the stairway to the lower lobby of Housing Unit Four. (*Id.* ¶ 3.) Duran was bleeding from the head and began to check himself to make sure he was not stabbed. (*Id.* ¶ 4.) Officer Hoover saw Duran and told him to "get on the ground." (*Id.* ¶ 6.) During the ensuing interaction, Officer Hoover's canine bit Duran. (*Id.* ¶¶ 8–11; *see also* ECF No. 36, at 2.)

Duran was taken to the Medical Department at SIISP. (Duran Aff. ¶ 12.) It was determined that his wounds needed to be treated at a hospital. (*Id.*) Duran was taken to a hospital, treated, and given stitches. (*Id.*) When Duran returned to SIISP on September 12, 2019, he was placed in the Segregated Housing Unit ("SHU"). (*Id.* ¶¶ 13, 14.)

## B. Grievance Procedure at SIISP

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints at SIISP. (Lanford Aff. ¶ 4.) Offenders receive an orientation to the grievance procedure system when they arrive at a VDOC facility. (Operating Procedure § 866.1.IV.A.4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (*Id.* § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint or other documentation demonstrating their attempt to informally resolve the issue. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.3.) A formal grievance must be filed within thirty days from the date of the

5

incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

### C. Facts Pertaining to Exhaustion

On September 12, 2019, Duran submitted Informal Complaint No. SX11–19–INF–04780. (ECF No. 36-1, at 23). There, Duran wrote:

> While I laid on the floor, K9 Officer Hoover allowed her K9 dog to grab a hold of me. I wasn't a threat to no one . . . . But yet she still allowed her dog to bite me not once, but twice, causing me to go to the hospital and be treated for 9 dog bites that left holes on my left lower leg. Excessive use of force.

(*Id.*) Unit Manager Perkins responded that the use of the canine had been documented and reviewed in accordance with the use of force policy. (*Id.*)

Around the time that he submitted Informal Complaint No. SX11–19–INF–04780, Duran received a Grievance Receipt Report, signed by D. Barlow. (ECF No. 48-6, at 3.) The Grievance Receipt Report indicated that the "Next Action Date" was September 27, 2019. (*Id.*) Duran swears that he "waited for [his] next action date and sent along with [his] Grievance Receipt Report [his] Regular Grievance, which [he] gave to Officer T. Callahan to drop in the 'Grievance Box.'" (Duran Aff. ¶ 13 (citation omitted).) Duran has submitted a copy of a Regular Grievance that appears to relate to Informal Complaint No. SX11–19–INF–04780. (ECF No. 48-6, at 7.) Duran did not specify when he signed the Regular Grievance, or when he gave it to Officer Callahan to deposit in the Grievance Box. However, the Regular Grievance was stamped as "RECEIVED" on November 1, 2019, which appears to be the date that it was received by prison officials. (*Id.*)

Nevertheless, R. Langford, the Grievance Coordinator at SIISP, swears "there are no records to indicate that Inmate Duran followed Informal Complaint log #SX11–19–INF–04780 with a regular grievance." (Langford Aff. ¶ 15.)

7

## III. ANALYSIS

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Officer Hoover asks the Court to dismiss Duran's claim because Duran failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Officer Hoover bears the burden of pleading and proving lack of exhaustion. *Jones*, 549 U.S. at 216.

Officer Hoover argues that she is entitled to summary judgment because Duran never followed up on Informal Complaint No. SX11-19-INF-04780 with a regular grievance. However, Duran has submitted a copy of a Regular Grievance, which appears to relate to the incident on September 4, 2019, that he swears he gave to Officer Callahan to deposit in the Grievance Box, and which appears to have been received by prison officials on November 1, 2019. (ECF No. 48-6, at 7.) On this record, Officer Hoover has failed to demonstrate that Duran failed to exhaust his administrative remedies. Although neither the Regular Grievance, nor Duran's Affidavit identify the precise date that Duran gave the Regular Grievance to Officer Callahan to deposit in the Grievance Box, a genuine issue of fact currently exists as to whether Duran properly submitted this Regular Grievance.[6] Accordingly, Officer Hoover's Motion for Summary Judgment (ECF No. 35) will be denied without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Motion for Summary Judgment (ECF No. 35) will be denied without prejudice. The Motion to Withdraw (ECF No. 47) will be denied as moot. The Motion for an Extension of Time (ECF No. 48) will be denied as unnecessary. To the extent that Duran's Response to the Motion for Summary Judgment

---

[6] "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). To the extent that Duran, who was housed in the SHU, timely provided his Regular Grievance to Officer Callahan to be deposited in the Grievance Box, and Officer Callahan, or some other party down the line, either through inadvertence, negligence, or malfeasance, delayed the submission of Duran's Regular Grievance, an argument could be made that this administrative remedy was not available to Duran. Thus, on this record, an award of summary judgment is not warranted.

9

(ECF No. 48) could be construed as a Motion for Summary Judgment in his favor, it will be denied without prejudice. Any party that wishes to file a motion for summary judgment must do so within thirty (30) days of issuance hereof. Any such motion filed should address not only procedural defenses, but also the merits of Duran's claim.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: February 2, 2022
Richmond, Virginia